` NO. 07-03-0406-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 20, 2004
_____

BANK OF AMERICA, N.A.,

Appellant

v.

AMARILLO NATIONAL BANK,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 86,711-E; HON. ABE LOPEZ, PRESIDING
_____

***Opinion***
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Bank of America (BOA) appeals from a final summary judgment awarding Amarillo National Bank (ANB) damages. The damages purportedly arose from BOA's alleged breach of a warranty accompanying the presentation of a check. It is undisputed that the instrument presented to and paid by ANB was counterfeit or a forgery. Five issues are before us; however, we need only consider the first and last for they are dispositive of the appeal. And, through them, we must determine whether a counterfeit or fake check is an altered instrument for purposes of the warranties encompassed in §4.208 of the Texas

Business and Commerce Code. We conclude that it is not, reverse the summary judgment, and remand the cause for further proceedings.

## Background

A check in the amount of $500,000 purportedly drawn by Western Builders and made payable to Robert L. Surber was deposited into Surber's account at BOA. At the time, Western maintained an account with ANB. Furthermore, it is undisputed that someone other than personnel at Western created and signed the Surber instrument. Indeed, it was of a different size than Western's checks. So too was the paper on which it was printed different than that of Western's. Nonetheless, Western's account number with ANB appeared on the item, as did Western's name. Additionally, ANB contended that it was a copy of an actual check numbered 036830, issued by Western, dated 4/15/99, and made payable to Megadoor, Inc., in the amount of $522,000. The face of the copy reflected a check numbered 36830, payable to R. L. Surber in the amount of $500,000, and dated 4/27/99.

Once Surber deposited the check, BOA forwarded it to ANB, and the latter paid it.[1] When Western obtained its bank statement, it noted the $500,000 debit and informed ANB that the Surber check was a forgery. ANB then credited Western's account for the $500,000 and attempted to obtain an equal sum from BOA and Surber. Only $324,096.33 was recovered, however. Thereafter, ANB sued BOA, contending that BOA breached its presentment warranty under §§3.417 and 4.208 of the Uniform Commercial Code.

---

[1] Of note is that ANB also honored the $522,000 check payable to Megadoor. So, both Surber and Megadoor were paid.

Issue was joined, and both parties moved for summary judgment. The trial court granted that of ANB.

### Issue One – Alteration

In its first issue, BOA contends that because the check was not altered, it could not have breached any warranty imposed by §4.208 of the Code.[2] Thus, ANB was not entitled to summary judgment; instead, BOA was. We sustain the issue.

*The Law and Its Application*

Both traditional and no evidence motions for summary judgment were filed by the parties. The standards applicable to reviewing each are well settled and need not be reiterated. Instead, we cite the parties to *Kimber v. Sideris,* 8 S.W.3d 672, 674-75 (Tex. App.–Amarillo 1999, no pet.) for their explanation. Additionally, when both sides move for summary judgment and the trial court grants one motion and denies the other, we review the evidence presented by both movants and determine all dispositive questions presented. *Bradley v. State ex rel. White,* 990 S.W.2d 245, 247 (Tex. 1999).

Next, according to §4.208 of the Business and Commerce Code,

> . . . If an unaccepted draft is presented to the drawee for payment . . . and the drawee pays . . . the draft, (i) the person obtaining payment . . ., at the time of presentment, and (ii) a previous transferor of the draft, at the time of transfer, warrant to the drawee that pays . . . the draft in good faith that:
>
> *   *   *
>
> (2) the draft has not been altered . . . .

TEX. BUS. & COM. CODE ANN. §4.208(a)(2) (Vernon 2002). ANB contended that BOA breached this warranty because the Surber check altered the original check payable to

---

[2]Though ANB mentioned both §§3.417 and 4.208 of the Business and Commerce Code in its live pleading, only 4.208 was mentioned in its motion for summary judgment.

3

Megadoor.  BOA asserted otherwise.  Our task is to determine the meaning of "altered" for if the Surber item was not an alteration of the Megadoor check, §4.208(a)(2) is irrelevant.

According to the Business and Commerce Code, an "alteration" consists of 1) "an unauthorized change in an instrument that purports to modify in any respect the obligation of a party" or 2) "an unauthorized addition of words or numbers or other change to an incomplete instrument relating to the obligation of a party." *Id.* §3.407(a)(1)&(2).  As can be readily seen, the idea of altering an instrument presupposes the existence of an instrument.  *Charter Bank Northwest v. Evanston Ins. Co.,* 791 F.2d 379, 383 (5th Cir. 1986).  Without a preexisting instrument, there can hardly be something to change or complete.

So too does this definition connote a change to, or on, that preexisting document.  Not only is this evinced through the interpretation accorded the word "alteration" by such legal publications such as Black's Law Dictionary but also by judicial opinion.  Under the former, an alteration is "[a]n act done *to an instrument*, after its execution, whereby its meaning or language is changed."  BLACK'S LAW DICTIONARY 85 (8th ed. 2004) (emphasis added).  If change is being done "to an instrument," reason suggests that the physical instrument itself undergo change, not some other document.  For instance, there is but one "Mona Lisa."  While it may be subject to alteration, one does not do so by making a copy of the masterpiece and then changing the confident smile of the woman appearing in the copy.  Moreover, this very idea lay at the heart of the opinions in *Charter Bank Northwest v. Evanston Ins. Co.,* 791 F.2d 379 (5th Cir. 1986) and *Firstar Bank, N.A. v. Wells Fargo Bank, N.A.,* No. 02-C-186, 2004 U.S. Dist. LEXIS 10767 (N.D. Ill. June 14, 2004).  In each, the court rejected the argument that creating a document equated the alteration of it.

4

*Charter Bank Northwest v. Evanston Ins. Co.,* 791 F.2d at 383; *Firstar Bank, N.A. v. Wells Fargo Bank, N.A.,* 2004 U.S. Dist. Lᴇxɪs 10767 at 21-22.

Given the foregoing authorities, we conclude that before §4.208(a)(2) applies, any alteration must appear or be made on the body of the original instrument, as opposed to appearing simply on a copy of the original. Yet, here, the check presented by Surber to BOA was not an actual check issued by Western. No one disputes that. Rather, it was one created by Surber or someone else and made to look like a Western check. So, because we deal with a different physical document (and even though it may look like another) our situation likens to that before the courts in *Charter Bank* and *Firstar Bank.* That is, a preexisting document is not being physically modified or completed, but rather, a new one is being made that contains different terms.

In short, and akin to the "Mona Lisa," there was but one check issued by Western, numbered 036830, and made payable to Megadoor, Inc., in the amount of $522,000. Neither Surber nor his compatriot (if any) altered it by copying the item and then changing the terms appearing on the face of the copy. He or they simply made another, separate instrument. And, in making a separate check, the individual who created the fake item did not alter the original, as contemplated by §3.417 or §4.208 of the Business and Commerce Code. Consequently, and as a matter of law, BOA could not have been held liable for breaching warranties that arise when passing an altered check.

### Issue Five – Summary Judgment on Counterclaim

In the final issue that we need to address, *i.e.* issue five, BOA contends that the trial court erred in disposing of its counterclaim *sua sponte*. We sustain the issue.

5

Neither party moved for summary judgment on the counterclaim filed by BOA against ANB. Since the trial court cannot enter summary judgment upon a claim which was not encompassed by the motion for summary judgment and that occurred here, *see Kimber v. Sideris,* 8 S.W.3d at 675 (stating that all theories in support of or in opposition to a motion for summary judgment must be presented to the trial court in writing), the trial court erred.

Having sustained issues one and five, it is unnecessary for us to address the others. Accordingly, we reverse the summary judgment of the trial court, enter judgment declaring that ANB take nothing from BOA upon its claim of breached warranty under §4.208 of the Business and Commerce Code, and remand the cause for further proceedings.


Brian Quinn
Justice